# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:13-cv-01138-LJO-SAB |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED |
| v. | |
| LOWELL DEAN WELDON, | ECF NO. 7 |
| Defendant. | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

On September 16, 2013, Plaintiff United States of America ("Plaintiff") filed a motion for default judgment against Defendant Lowell Dean Weldon ("Defendant"). (ECF No. 7.) This matter was referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 303.

A hearing on Plaintiff's motion took place on October 30, 2013. Defendant did not appear at the hearing. For the reasons set forth below, the Court recommends that Plaintiff's motion for default judgment be granted.

## I.

## BACKGROUND

Plaintiff filed the complaint in this action on July 19, 2013. (ECF No. 1.) Plaintiff's complaint seeks declaratory judgment and injunctive relief against Defendant in connection with a UCC-1 financing statement filed by Defendant with the California Secretary of State

1

(hereinafter referred to as "the UCC-1"). Plaintiff alleges that the UCC-1 was filed against Victoria C. Minor ("Minor"), the former Clerk of Court for the United States District Court for the Eastern District of California and had the practical effect of creating a lien against Minor's property. Plaintiff alleges that the UCC-1 was false and purported to evidence a debt which did not exist. Plaintiff further alleges that the UCC-1 was filed to harass Minor for actions she took in her official capacity as the former Clerk of Court. Plaintiff seeks a declaration that the UCC-1 is null, void and of no legal effect and seeks an injunction against Defendant from filing any other documents that create nonconsensual liens against the property of any employee of the United States.

## II.

## LEGAL STANDARD FOR DEFAULT JUDGMENTS

Entry of default judgment is governed by Federal Rule of Civil Procedure 55(b), which states, in pertinent part:

> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Upon entry of default, the complaint's factual allegations regarding liability are taken as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Microsoft Corp. v. Nop, 549 F. Supp. 2d 1233, 1235 (E.D. Cal. 2008). Per Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

Entry of default judgment is committed to the Court's discretion. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). In determining whether to exercise discretion to grant default

judgment, the Court looks at seven factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong public policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Id. at 1471-72.

## III.

## DISCUSSION

Plaintiff seeks default judgment in the form of declaratory and injunctive relief. Plaintiff does not seek monetary damages. The Court addresses each of the Eitel factors below.

### A.   Possibility of Prejudice to the Plaintiff

Minor would certainly suffer continuing prejudice if default judgment was denied and the UCC-1 remained in effect, creating a lien on her property. Plaintiff would suffer indirect prejudice if default judgment was denied and Plaintiff could not remedy the harassment against its former employee. Accordingly, this factor weighs in favor of entry of default judgment.

### B.   Merits of Plaintiff's Substantive Claim

Under the Declaratory Judgment Act, this Court has authority to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a); see also Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1222 (9th Cir. 1998). In order to fall within the Declaratory Judgment Act, a plaintiff must raise "a case of actual controversy within [the Court's] jurisdiction." 28 U.S.C. § 2201(a). As stated by the Supreme Court:

> A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. [Citation.] The controversy must be definite and concrete, touch the legal relations of parties having adverse legal interests. [Citations.] It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-41 (1937).

In this case, Plaintiff has presented a concrete legal controversy that is real and not hypothetical that affects Plaintiff and Minor in a concrete and substantial manner. Moreover,

Plaintiff alleged facts that demonstrated that Plaintiff is entitled to the declaratory relief sought because Defendant filed a fraudulent UCC-1 form that had the effect of creating liens on Minor's property. Accordingly, the Court finds that Plaintiff's claim for declaratory relief has substantive merit and this factor weighs in favor of entry of default judgment.

Under principles of equity, a plaintiff may seek a permanent injunction if they demonstrate that: (1) they have suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. Monsanto Co. v. Geertson Seed Farms, 130 S. Ct. 2743, 2756 (2010). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." Id. "An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." Id. at 2761.

The government suffers irreparably injury when individuals like Defendant file false UCC financing statements and liens that cloud title to property owned by government employees. See, e.g., U.S. v. Merritt, No. 2:11-cv-01136 JAM KJN, 2011 WL 5026074, at *4 (E.D. Cal. Oct. 21, 2011). Moreover, the remedies available at law, i.e., civil actions to void the false liens, are inadequate because they do little to deter Defendant from filing future false liens. The balance of hardships weighs in Plaintiff's favor because Defendant suffers no cognizable injury by an injunction that prohibits him from filing false liens. Finally, the public interest would be served by an injunction prohibiting Defendant's harassing actions. Accordingly, the Court finds that Plaintiff's claim for injunctive relief has substantive merit and this factor weighs in favor of entry of default judgment.

### C. Sufficiency of the Complaint

The "sufficiency of the complaint" factor is similar to the "merits of the plaintiff's substantive claims" factor and courts generally analyze both factors simultaneously. See, e.g., PepsiCo, Inc. v. California Security Cans, 238 F. Supp. 2d 1172, 1175-76 (C.D. Cal. 2002). Accordingly, for the same reasons discussed above, the Court finds that both factors weigh in

favor of entry of default judgment.  See discussion, supra, Part III.A.2.

### D. Sum of Money at Stake in the Action

Plaintiff does not seek monetary damages in this action.  Accordingly, this factor weighs in favor of granting default judgment.  See PepsiCo, Inc., 238 F. Supp. 2d at 1176-77.

### E. Possibility of a Dispute Concerning Material Facts

Defendant has failed to appear in this action and has not otherwise taken any action to contest the material facts alleged in Plaintiff's complaint.  Moreover, Plaintiff has presented evidence in the form of a declaration from Minor that supports their allegation that the UCC-1 had no basis in fact and there was no debt owed to Defendant that would support the filing of a UCC-1.  Accordingly, the Court finds that this factor weighs in favor of granting default judgment.  See Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F. Supp. 2d 916, 921-22 (C.D. Cal. 2010) (defendant's failure to appear and plaintiff's evidence in support of allegations supported entry of default judgment).

### F. Whether the Default was Due to Excusable Neglect

In this case, a U.S. Marshal served the complaint on Defendant via substituted service on Defendant's daughter, Beverly Weldon.  The returned summons indicated that the U.S. Marshal initially attempted service at the address appearing on the UCC-1, on W. Clinton Ave. in Fresno, California.  The marshal obtained a new address, on N. Fine Ave. in Fresno, California, for Defendant and served Defendant's daughter at the new address.  Moreover, a proof of service submitted by Plaintiff with respect to the motion for default judgment indicates that the moving papers were served on Defendant at both his old address (W. Clinton Ave.) and his new address (N. Fine Ave.).  Accordingly, the Court finds that the possibility of excusable neglect is remote and that this factor weighs in favor of granting default judgment.

### G. Public Policy Favoring Decisions on the Merits

The public policy favoring decisions on the merits will always weigh against granting default judgment.  However this factor does not preclude entry of default judgment, particularly when all the other Eitel factors weigh in favor of entering default judgment.  See Black & Decker (U.S.) v. All Spares, Inc., No. CV 09-2126-PHX-MHM, 2010 WL 3034887, at *3 (D. Ariz. Aug.

3, 2010); PepsiCo, Inc., 238 F. Supp. 2d at 1177. Taking all seven Eitel factors into consideration, the Court finds that entry of default judgment against Defendant is appropriate.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court finds that entry of default judgment is appropriate in favor of Plaintiff and against Defendant. Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment be GRANTED;
2. DEFAULT JUDGMENT be entered in favor of Plaintiff United States of America and against Lowell Dean Weldon;
3. The following UCC-1 Financing Statement be declared NULL, VOID AND OF NO LEGAL EFFECT, and the Secretary of State of California be directed to EXPUNGE it from their records: UCC-1 Financing Statement, Document Number 25253280003, Filing Number 10-7234312508;
4. Leave be granted for Plaintiff to file the judgment and order of this Court with the California Secretary of State and in the public records of any other jurisdiction where documents identical or similar to the above specified UCC Financing Statement has or may have been filed by Defendant; and
5. Defendant Lowell Dean Weldon, his agents, employees and all others acting in active concert or participation with him, be permanently enjoined from filing or attempting to file any document or instrument which purports to create or reflect any non-consensual lien or encumbrance against the person or property of Victoria C. Minor, or other employees or officers of the United States. Nevertheless, this permanent injunction does not prevent Defendant from applying to any state or federal court of competent jurisdiction in order to obtain relief of any non-frivolous legal claim, and does not apply to or prohibit liens lawfully created by any judgment of a court of competent jurisdiction.

///

1  These Findings and Recommendations are submitted to the United States District Judge
2 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the
3 Local Rules of Practice for the United States District Court, Eastern District of California.
4 Within 14 days after being served with a copy, any party may file written objections with the
5 court and serve a copy on all parties.  Such a document should be captioned "Objections to
6 Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate
7 Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file
8 objections within the specified time may waive the right to appeal the District Court's order.
9 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 30, 2013**

UNITED STATES MAGISTRATE JUDGE

7